Chief Charles F. Peckat Lonoke Police Department 203 W. Front Street Lonoke, Arkansas 72086
Dear Chief Peckat:
You have requested an official Attorney General's opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), a section of the Freedom of Information Act (FOIA), concerning certain records that have been requested from the Lonoke Police Department.
More specifically, you have received a request for the following:
 Any and all information pertaining to Officer Coney, while employed by your department, including work history, schooling, qualifications. Any and all complaints filed against Mr. Coney, investigated or not, include [sic] any filed for excessive force. Any and all health problems that may have been a factor in his ability to perform duties as an officer . . . and was he asked to resign or leave his position due to the health problem.
You indicate that you have determined that the requested records should not be released and have asked for an opinion as to whether that determination is consistent with the FOIA.
It is my opinion, as discussed below, that some of the requested records may be releasable and some may be exempt from the requirement of disclosure.
Having not reviewed the records in question, I cannot opine definitively as to the releasability of any particular record. Nevertheless, I will set forth the applicable law, upon the basis of which you, as custodian of the records, can analyze the releasability of particular records.
Employee-Related Records Generally
The wording of the request appears to indicate that the requestor is seeking records that are all employee-related records. Employee-related records can constitute "personnel records," "job performance/employee evaluation records," or neither, within the meaning of the FOIA. I will first discuss the releasability of "personnel records" and "job performance/employee evaluation records," and will then discuss some of the specific types of records that were mentioned in the request that was presented to you.
Whether a record constitutes a "personnel record" or a "job performance/employee evaluation record" is significant, because the release of the two types of documents is governed by different standards.
The Disclosability Standard for Personnel Records
Under the provisions of the FOIA, "personnel records" are subject to disclosure except to the extent that disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. §25-19-105(b)(10).
What is a Personnel Record?
An initial question, then, is whether the records that were requested constitute "personnel records." It is my opinion, as explained more fully below, that if these records pertain to the individual's employment, but are not employee evaluations or job performance records, they would most likely be held by a court to constitute "personnel records."
The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record," within the meaning of the FOIA is, of course, a question of fact that can only be determined upon a review of the record itself. However, Professor John Watkins, a commentator on the Arkansas Freedom of Information Act, has provided some interpretive discussion of the issue that could be helpful in evaluating particular records. Professor Watkins notes that "virtually all records pertaining to individual employees, former employees, or job applicants are covered by [A.C.A. § 25-19-105(b)(10)." Watkins, supra, at 125. He goes on to give specific examples of the types of records that could constitute personnel records, suggesting that the records maintained in personnel files be considered as a starting point for determining what constitutes a "personnel record." The records maintained in such files, Professor Watkins points out, include applications for employment, resumes, grade transcripts, payroll related documents (including information as to reclassifications, promotions, or demotions), transfer records, health and life insurance forms, performance evaluations and ratings, letters of recommendation, complaints, requests for leave without pay, certificates for advanced education or training programs, and legal documents (such as garnishment orders and subpoenas). Id. at 125-26. Again, however, Professor Watkins names these personnel file records as constituting only a starting point, and he notes that the language of the FOIA is broad enough to encompass other records pertaining to personnel. He specifically recommends, for example, that materials such as interview notes, records showing annual leave and sick leave, equal employment opportunity grievance files, workers' compensation documents, and medical records, although not included in personnel files, also be considered personnel records. (It should be noted that some of the records mentioned above might be subject to specific exemptions set forth in other sections of the FOIA.)
If the records that were requested are, in fact, "personnel records," the ensuing issue is whether their release would constitute a clearly unwarranted invasion of the personal privacy of the subject of the records.
What is a "Clearly Unwarranted Invasion of Personal Privacy"?
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. SeeYoung v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy."
The question of whether a "clearly unwarranted invasion of personal privacy" has occurred is a question of fact. See Op. Att'y Gen. No.98-001. In order to withhold personnel records, you, as the custodian of the records that were requested, must be able to establish factually that the release of these records would constitute a clearly unwarranted invasion of the personal privacy of the subject of the records (by showing that the subject's privacy interest in the records outweighs the public's interest in the records). If you determine that this cannot be factually established, the "personnel records" exemption will not apply to these records, and they should be released.
It should be noted that even if you determine that a record should be released, it may be necessary for you to redact certain specific information contained in the record. For example, I have repeatedly opined, relying on federal law, that the following information is not subject to disclosure: personal histories, religious affiliations of employees, Church of Scientology v. Department of Defense, 611 F.2d 738
(9th Cir. 1979); citizenship, United States Department of State v.Washington Post Co., 456 U.S. 595 (1982); marital status, Simpson v.Vance, 648 F.2d 10 (D.C. Cir. 1980); social security numbers, Swisher v.Dept. of the Air Force, 660 F.2d 369 (5th Cir. 1981); information about family life, Providence Journal Co. v. F.B.I., 460 F. Supp. 778, reversed on distinct grounds, 602 F.2d 1010 (1st Cir. 1979); information regarding welfare payments, legitimacy of children, family rights, and alcohol consumption, Rural Housing Alliance v. Department of Agriculture,498 F.2d 73 (D.C. Cir. 1974).
The Standard of Disclosability for
Employee Evaluation/Job Performance Records
"Employee evaluation or job performance records" are disclosable only if the following three conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
What is an Employee Evaluation/Job Performance Record?
A threshold question, therefore, is whether the records that were requested constitute employee evaluations or job performance records.
The FOIA does not define the phrase "employee evaluation or job performance record," nor has the phrase been construed judicially. I cannot formulate an official definition for undefined statutory language. Formal, written employee evaluations are of course included. In addition, this office has previously opined that documents such as written reprimands and letters of caution, documents upon which a recommendation for dismissal was based, and letters related to promotions and demotions are "job performance records." See, e.g., Ops. Att'y Gen. Nos. 93-105, 93-055, 92-231, 92-191, 91-324, and 91-303.
If the records that were requested are, in fact, employee evaluations or job performance records, the above-stated three part standard must be applied.
The question of whether there has been a final administrative resolution of a termination or suspension and the question of whether the requested records formed a basis for that termination or suspension are clearly questions of fact that can be readily determined. The requested records can be disclosed only if those questions can be answered affirmatively,and if it is determined that there is compelling public interest in their disclosure, as discussed below.
What is a "Compelling Public Interest"?
The phrase "compelling public interest" is not defined in the FOIA. Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon all of the facts and circumstances attendant to the particular case. Professor Watkins has provided some guidelines for determining whether such an interest exists. He states: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest. . . .' The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." WATKINS, The Arkansas Freedom of Information Act
(mm Press 2d ed. 1994) at 135. In this regard, Professor Watkins also states: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Id. at 137. Professor Watkins has also noted that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. WATKINS, supra at 136 (noting that "[a]s a practical matter, courts may be more likely to find such an interest when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.")
Therefore, in evaluating the public interest in the requested records, you can consider the rank and status of the subject of the records. If you determine that there is a compelling public interest in these records (and if the first two prongs of the test have also been met), the records must be released. I note again that certain specific information contained in releasable records may need to be redacted.
Medical Records
Medical records are specifically exempt from disclosure under the FOIA.See A.C.A. § 25-19-105(b)(2). The term "medical records," as used in the FOIA, is not defined. This office has construed the term to apply to "records containing information relating to the treatment or diagnosis of a medical condition." See Op. Att'y Gen. No. 89-147. Accord, Op. Att'y Gen. No. 91-374. The records that have been requested and that contain information about any health problems the subject may have had could constitute "medical records" within the meaning of the FOIA. If so, these records should not be released.
Work History, Schooling, Qualifications
Records reflecting "work history, schooling, and qualifications" of the subject are generally considered to be releasable. I have repeatedly opined, relying on federal case law, that such records are not exempt from disclosure. See, e.g., Op. Att'y Gen. No. 98-146, citing Kruzon v.Department of Health Human Services, 649 F.2d 65 (1st Cir. 1981);Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980). However, it should be noted that "scholastic records" are exempt from disclosure under the FOIA. See A.C.A. § 25-19-105(b)(2). I have opined that transcripts and other records detailing the performance of an individual in an academic setting constitute exempt "scholastic records." See, e.g., Op. Att'y Gen. No. 96-044. I have also opined, on the other hand, that a listing of schools attended and degrees received is not exempt from disclosure. Id.
Complaints Against the Subject of the Records
A determination of whether to release "complaints" that may have been filed against the subject of the records will require that you make certain factual determinations. First, you must determine whether the particular complaint record constitutes an "employee evaluation" or "job performance record." This office has recently opined with regard to complaint documents that this determination will likely depend upon the specific facts surrounding the documents' creation. See Ops. Att'y Gen. Nos. 97-081, 96-324, 96-258, 96-257, 96-168 and 96-033. It is my opinion that records created as part of an inquiry into or investigation of alleged employee misconduct will generally constitute evaluation or job performance records. Op. Att'y Gen. No. 96-324. If the records were not created for evaluation or investigation purposes, disclosure may be required, unless, of course, the records are subject to some other exemption from disclosure. Id.; see generally Ops. Att'y Gen. 96-258 and 96-257.
A Constitutional Issue
Finally, I must point out a basis upon which all of the documents that were requested — even if subject to disclosure under the FOIA — could, depending upon their contents, be considered exempt from disclosure. The Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the Freedom of Information Act, at least with regard to the release of documents containing constitutionally protectable information. See McCambridge v.City of Little Rock, 298 Ark. 219, 766 S.W.2d 909 (1989). TheMcCambridge court held that a constitutional privacy interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed. The court further held that if these attributes apply to the matters in question, it must then be considered whether the governmental interest in disclosure under the Act (i.e., the public's legitimate interest in the matter) outweighs the individual's privacy interest in their non-disclosure.
Although it is unlikely that all of the requested records would meet theMcCambridge test for protectable constitutional privacy, you must nevertheless review the records to make this determination. If, upon review of the requested records, you determine that they would meet this test, you should not release the records.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh